# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10141
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2015

Lyle W. Cayce
Clerk

RAYMUNDO SAUCEDO MONTENEGRO,

Petitioner-Appellant

v.

UNITED STATES DEPARTMENT OF JUSTICE; UNITED STATES
CITIZENSHIP & IMMIGRATION SERVICES; BUREAU OF IMMIGRATION
AND CUSTOMS ENFORCEMENT; IMMIGRATION AND CUSTOMS
ENFORCEMENT; E. HOLDER, United States Attorney General,

Respondents-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:13-CV-238

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Raymundo Saucedo Montenegro, federal prisoner # 28133-112, appeals
the district court's dismissal of his self-styled 28 U.S.C. § 2241 petition for want
of jurisdiction.  He contends that the government violated its own regulations,
his right to due process, the Administrative Procedures Act ("APA"), and the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 14-10141

Immigration and Nationality Act by failing to process his application for naturalization within a reasonable time. He seeks a hearing or, alternatively, an equitable order requiring the government to process his application and grant citizenship nunc pro tunc. According to Saucedo Montenegro, 28 U.S.C. § 1331 and the APA vested the district court with jurisdiction to consider his claims.

Saucedo Montenegro does not dispute the district court's determination that his claims are not cognizable under Section 2241. To the extent he asserts that his petition should be construed instead under the APA and Section 1331, he also fails to address the district court's dispositive rulings that his claims are time barred by a jurisdictional statute of limitations and that he lacks standing to challenge the denial of his application as an aggravated felon. He thus has abandoned any challenge to these determinations by the district court. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003); *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

The judgment of the district court is AFFIRMED.